UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS NOVIELLI,

    Plaintiff,

vs.                                                  Case No.:

LAKE EFFECT INVESTMENTS, INC.,
a Florida Profit Corporation, d/b/a,
CASS CAY RESTAURANT AND BAR;
and CASSANDRA KELLEY,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NICHOLAS NOVIELLI, ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Complaint against Defendant, LAKE EFFECT INVESTMENTS, INC., d/b/a, CASS CAY RESTAURANT AND BAR, ("CASS CAY"), a Florida Profit Corporation, and CASSANDRA KELLEY ("KELLEY"), individually, (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

4. At all times material to this action, Defendant, CASS CAY was, and continues to be, engaged in business in Florida, doing business in Lee County.

5. Upon information and belief, at all times material to this action, Defendant KELLEY was and continues to be a resident of Lee County, Florida.

6. At all times material to this action, Defendant KELLEY managed the day-to-day operations of CASS CAY and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of CASS CAY.

7. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of CASS CAY; (b) determine the work schedules for the employees of CASS CAY; and (c) control the finances and operations of CASS CAY, Defendant, KELLEY, is an employer as defined by 29 U.S.C. §201 *et. seq.*

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of

the FLSA.

12. At all times material to this action, LAKE EFFECT INVESTMENTS, INC., d/b/a, CASS CAY RESTAURANT AND BAR was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant LAKE EFFECT INVESTMENTS, INC., d/b/a, CASS CAY RESTAURANT AND BAR was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, kitchen equipment, telephones, and point of sale systems, manufactured outside of Florida.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

**STATEMENT OF FACTS**

16. On or about October 2014, and continuing through December 2016, Defendants hired Plaintiff as a non-exempt hourly paid employee to work at Defendants' company, as a bartender. In early 2015, Plaintiff was made an hourly non-exempt bar manager.

17. Plaintiff's duties were selling, serving, making food, expediting, cleaning, and closing. He also worked on certain maintenance and construction projects for the benefit of the Defendants at the restaurant premises.

18. While Plaintiff was paid an hourly wage throughout his employment.

3

19. Plaintiff was paid for all of his hours, including all overtime hours, while he was considered a bartender, and paid a rate of $6.15 per hour.

20. From early 2015, when he became a bar manager paid $8.15 per hour, Defendant began to pay Plaintiff for fewer than all his overtime hours.

21. From the time he became a bar manager through December 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

22. While Plaintiff was paid for certain overtime hours at an overtime rate, Defendant deleted some overtime hours from the time submitted to its payroll company, thereby depriving Plaintiff of compensation for those hours.

23. Plaintiff recorded overtime hours in Defendant's electronic Point of Sale System, which hours do not match the hours submitted by Defendant to its payroll company in one or more workweeks.

24. Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

25. Upon information and belief, the majority of Plaintiff's pay and time records, including the critical Point of Sale System records, are in the possession of Defendants.

26. Defendants have violated Title 29 U.S.C. § 207 from at least early 2015, to December 2016, in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants; and

4

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek.

27. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew or should have known, that payment of overtime premiums for all hours over forty (40) worked in each workweek was, and is, due, but consciously and purposefully deleted certain recorded overtime hours from Plaintiff's time records and did not pay him for same.

28. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From the beginning of his employment to the present, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours over forty.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and

one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

33. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, such was, and is, due.

34. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 26th day of April, 2017.

Respectfully submitted,

/s/ Angeli Murthy
Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*