UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS NOVIELLI,

    Plaintiff,

v.                                       Case No: 2:17-cv-225-FtM-99MRM

LAKE EFFECT INVESTMENTS, INC. and
CASSANDRA KELLEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are the parties' Amended Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice (Doc. 24) and the Settlement Agreement and Mutual General Release of Claims (Doc. 24-1) filed on January 8, 2018. Plaintiff Nicholas Novielli and Defendants Lake Effect Investments, Inc. and Cassandra Kelley request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. (Doc. 24 at 1). As set forth herein, the Court recommends that the Amended Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice (Doc. 24) be granted.[1]

To approve the settlement of the FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under

---

[1] On December 20, 2017, the Court entered a Report and Recommendation recommending that the Joint Motion to Approve Settlement Agreement (Doc. 21) be denied for a number of reasons. The Honorable John E. Steele, United States District Judge adopted the Report and Recommendation in an Opinion and Order (Doc. 23). Now the parties have filed an Amended Joint Motion (Doc. 24) correcting the issues raised by the Court.

the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Court turns to the terms of the Settlement Agreement. The Court first addresses the general terms of the Settlement Agreement and then specifically addresses the general release provision.

**General Terms of the Settlement**

In this action, Plaintiff alleges that he worked as a bartender for Defendants from approximately October 2014 through December 2016. (Doc. 1 at 3 ¶ 16). Plaintiff claims that in early 2015, he was employed as an hourly non-exempt bar manager. (*Id.*). Plaintiff contends that his duties included selling, serving, making food, expediting, cleaning, and closing as well as certain maintenance and construction projects. (*Id.* at ¶ 17). Plaintiff claims that from the

time he became bar manager through December 2016, Defendants failed to compensate Plaintiff for all of the overtime he worked in excess of forty (40) hours per week. (*Id.* at 4 ¶ 21). Defendants maintain that Plaintiff was paid in full for all hours worked. (Doc. 24 at 1 ¶ 2). Based on these contentions, the Undersigned finds that a *bona fide* dispute exists between the parties.

Even though a *bona fide* dispute exists between the parties, they decided to settle this matter. (Doc. 24 at 1-2). Defendants agree to pay Plaintiff $10,500.00 for back wages, liquidated damages, and a general release. (Doc. 24-1 at 1-2). Specifically, Defendants agree to pay $5,000.00 for back wages, $5,000.00 for liquidated damages, and $500.00 for a general release of all other claims. (*Id.* at 24-1 at 3-4). Upon review of the Settlement Agreement (Doc. 24-1), the Court determines that these terms of the Settlement Agreement are reasonable.

Defendants also agree to pay $8,000.00 in attorney's fees and costs. (Doc. 24-1 at 4 ¶ 3). The amount of attorney's fees "was negotiated apart from, and subsequent to, [the] agreement as to the amount of settlement funds to be paid to the Plaintiff." (Doc. 24 at 2 ¶ 4). As explained in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable

on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id.* In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff. The Undersigned finds that these terms appear reasonable on their face.

Lastly, the Court turns to language of the general release.

**General Release**

The Settlement Agreement and Mutual General Release of Claims includes a Mutual General Release of Claims provision. (Doc. 24-1 at 4 ¶ 5). In this provision, Defendants release Plaintiff from "any and all claims, known and unknown, which Defendant has or may have as of the date of execution of this Agreement. Defendant's release of Plaintiff is intended to be, and is, broad as the release of Defendant in paragraph 5(b) below." (*Id.*). Likewise, Plaintiff "knowingly and voluntarily releases and forever discharges Defendant, . . . from any and all claims, known and unknown, which Plaintiff has or may have as of the date of execution of this Agreement, including, but not limited to" a list of specific claims. (*Id.*).

The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). Moreover, the mutuality of a general release does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4. But here, the parties not only entered into a mutual release but also provided

that Plaintiff receive additional consideration of $500.00 to enter into the general release. (Doc. 24-1 at 3 ¶ 3.B.). Thus, the Court finds that this provision comports with the legal authority from the Eleventh Circuit and this Court.

In the instant case, a settlement was reached, and the attorney's fees were agreed upon without compromising the amount paid to Plaintiff. The Settlement Agreement and Mutual General Release of Claims (Doc. 24-1) appears reasonable on its face. Thus, the Court recommends that the Settlement Agreement and Mutual General Release of Claims (Doc. 24-1) be approved.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Amended Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice (Doc. 24) be **GRANTED**.

2) The Settlement Agreement and Mutual General Release of Claims (Doc. 24-1) be approved by the Court as a "fair and reasonable resolution of a *bona fide* dispute" of the parties' FLSA issues.

3) If the District Court adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 16, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties